STATE OF NEBRASKA, APPELLEE, v. HENRY WADSWORTH WAGNER, ALSO KNOWN AS HARRY WAGNER, APPELLANT.

180 N. W. 2d 695

Filed October 30, 1970. No. 37503.

A. Q. Wolf and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Defendant appeals from his conviction of forcible rape. In issue is the sufficiency of evidence to sustain the finding of guilt.

The complaining witness testified as follows: Age 17 and the unwed mother of a 16-month-old baby, she lived in an apartment of a housing project four blocks

from Kellom School, Omaha. On July 8, 1969, at 1:40 a.m., she and the baby entered a taxicab to return to her apartment. She stopped the taxicab at 2 a.m., a block from the apartment and stepped out, paying no fare. Prior to stepping out, she had seen defendant, a stranger, staggering in the vicinity.

When the complaining witness and the baby arrived at the apartment, defendant suddenly approached. Wrapping a wire around her head and warning her to remain silent, he followed her in. There he said: "We are going to Kellom," and he forced her to depart with him. Enroute she screamed until he beat her. He dragged her part of the way to a grassy part of Kellom School grounds.

At the school grounds, defendant wrapped a wire around her neck, forced her to the ground, warned her not to resist, and proceeded to have sexual intercourse with her. Meanwhile, he struck her in the stomach, across the eyes, and on her hands so that she lost her keys.

The complaining witness and defendant returned to the apartment at 4 a.m., entering a window and replacing the screen. She then ran upstairs with the baby. Subsequently she heard someone clumping and pounding on her upstairs door, but no one entered. Although she still heard someone in the apartment about 6 a.m., she escaped through a downstairs window. She saw the screen on the apartment floor and a broken vase. She proceeded to a neighbor's house where a police officer visited her after 7 a.m. She appeared sleepy.

John S. Felinski, an Omaha police sergeant and the only other witness for the State, testified as follows: The complaining witness at 6 a.m. had described her assailant as a male, 5'9" to 5'10" tall, weight 155 pounds. Defendant turned out to be 5'7½" tall, weight 185 pounds.

During a subsequent investigation of the school grounds, Felinski saw bent, trampled grass and a house

key that fit the lock on the apartment door. At the apartment he saw two front windows open, and a screen and broken drinking glass on the living room floor.

A physical examination of the complaining witness at 6:40 a.m. revealed scratch marks in the mid-lumbar area, but neither abrasions nor spermatazoa on vaginal examination.

Defendant denied commission of the alleged offense.

Corroboration of the complaining witness in a rape case is sufficient if there are material facts and circumstances which tend to support her testimony and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn. It is not essential that other witnesses corroborate her testimony to the particular act constituting the offense. Texter v. State, 170 Neb. 426, 102 N. W. 2d 655 (1960).

The evidence of the alleged offense was sufficient for a jury to find defendant guilty beyond a reasonable doubt.

AFFIRMED.